IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

JOSE CONSOSPO-PEREZ,

           Defendant.

8:15CR20

MEMORANDUM AND ORDER

This matter is before the Court on the objections, Filing No. 73, of the defendant to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 72, denying defendant's motion to suppress, Filing No. 57. The government indicted defendant and others for conspiracy to distribute methamphetamine in violation of 21 U.S.C. 846. Filing No. 35. The magistrate judge recommended that the defendant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge,* 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the entire record including the transcript of the suppression hearing, Filing No. 70, and determines it will adopt the findings and recommendation of the magistrate judge in its entirety.

**BACKGROUND**

The magistrate judge held an evidentiary hearing on July 7, 2015, and thereafter, made his findings of fact. The Court has carefully reviewed the findings of the magistrate judge and adopts the same. The Court will summarize the facts herein.

Law enforcement conducted a two year investigation of a drug trafficking and money laundering based in Mexico, with drugs entering Omaha and proceeds going to Mexico. Law enforcement used a number of tools, including confidential informants, numerous

observations, electronic surveillance and telephone surveillance, to gather evidence of this conspiracy. One of the defendants in this case, Ines Borieto, a/k/a Ines Rivadeneyra, was seen entering a red Ford Ranger on November 17, 2104, with another defendant Crispin Herra-Herra. The vehicle stopped at a residence believed to be where the co-conspirators allegedly stored most of the narcotics. The vehicle also drove in a way indicated by law enforcement to be counter-surveillance maneuvers. This residence had become the main focus during the investigation. On December 9, 2014, Special Agent Craig Allrich of Homeland Security saw Jesus Munguia, another co-conspirator, arrive at the residence of Herra-Herra. Then the two, Herra-Herra and defendant Jesus Munguia, left the residence and proceeded to a dollar store to buy rubber gloves, allegedly to conceal fingerprint images on the bundles. Later, a K-9 officer stopped Munguia and found approximately $180,000 worth of narcotics bundled and wrapped.

While the stop of Munguia was conducted by law enforcement, the driver of the red ranger drove by the stop and then proceeded to a Boost Mobile store (a prepaid phone store). Defendant Jose Consospo-Perez drove the red ranger and was ultimately accompanied by defendant Herra-Herra. The Special Agent Allrich suspected Herra-Herra was trying to deliver another twenty or thirty pounds of methamphetamine and trying to buy a new cell phone in view of the stop of Munguia by police. After leaving Boost Mobile, Special Agent Allrich believed defendant Consospo-Perez also drove in a counter-surveillance manner. Special Agent Allrich and Officer Apley followed the red ranger. After some period of allegedly evasive maneuvering, the red Ranger ran a red light. Special Agent Allrich requested that Omaha Police Officer Pignotti, a K-9 officer, pull over the red ranger.

Both Herra-Herra and Consospo-Perez were asked to exit the vehicle. A pat down was performed for officer safety. The officer found money on Consospo-Perez's person, and the officer returned the money to him. Both defendants admitted they had no identification, were not citizens and had no immigration papers. The officers then proceeded to take the two defendants to the Immigration and Customs Enforcement office. Although the red Ranger had previously been used for drug trafficking activities, Special Agent Allrich never saw Consospo-Perez drive the vehicle for such activities prior to December 9, 2014. However, Special Agent Allrich later discovered the red Ranger was registered to Miguel Consospo, who Special Agent Allrich identified as Consospo-Perez, the defendant in this motion to suppress.

**DISCUSSION**

*A. Traffic Stop*

The magistrate judge determined, and this Court agrees, that the traffic stop was legitimate. "An officer is justified in stopping a motorist when the officer objectively has a reasonable basis for believing that the driver has breached a traffic law." *United States v. Coleman,* 700 F.3d 329, 334 (8th Cir. 2012) (internal quotations and citations omitted). In this case Special Agent Allrich observed the defendant drive through a red light. This is sufficient to provide probable cause and allow law enforcement to effectuate the stop. It does not appear that the defendant contests this finding.

*B. Search and Arrest*

Mr. Consospo-Perez argues the traffic violation alone did not give Agent Allrich probable cause to search him. "Officers may conduct a protective pat-down search for weapons . . . when they have objectively reasonable suspicion that a person with whom they are dealing might be armed and presently dangerous and criminal activity might be

3

afoot." *United States v. Gaffney,* 789 F.3d 866, 870 (8th Cir. 2015) (internal citation omitted). As stated by the Eighth Circuit:

> In determining whether reasonable suspicion exists, we consider the totality of the circumstances in light of the officers' experience and specialized training. A pat-down is permissible if a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. In examining the relevant facts and inferences, we must keep in mind that minimally intrusive weapons searches at traffic stops will more likely be reasonable because of the inherent danger of traffic stops.

*United States v. Preston,* 685 F.3d 685, 689 (8th Cir. 2012) (internal citations, quotation marks, and brackets omitted). The Court agrees with the magistrate judge. In this case there was a traffic stop in addition to the further circumstances. This was part of a two year investigation. This vehicle had been seen before at the drug house. The driver allegedly drove in a counter surveillance mode, and the Special Agent knew that at least one of the occupants was involved with this drug trafficking organization. The Special Agent believed, based on the stops by the red Ranger and the purchase of the cell phone, that criminal activity was underfoot. Based on these factors, the Court agrees that the pat down search was permissible for officer safety. Once Consospo-Perez stated he was not a citizen and did not have identification or immigration papers, there existed probable cause to arrest him.

Because this Court agrees there was no constitutional issue with the stop or the search or the arrest, the Court overrules the objections of the defendant.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to suppress, Filing No. 57, is denied;

2. Defendant's objections, Filing No. 73, are overruled;

4

3. The findings and recommendation of the magistrate judge, Filing No. 72, is adopted in its entirety.

Dated this 7th day of August, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge